```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
 MICHAEL GEORGE,                         :
                                         :
                         Plaintiff,      :        13 Civ. 7986
            -v-                          :
                                         :        OPINION & ORDER
 NEW YORK CITY TRANSIT AUTHORITY,        :
 MABSTOA,                                :
                                         :
                         Defendants.     :
                                         :
-----------------------------------------X
```

APPEARENCES:

For Plaintiff Michael George:

Carlos Gonzalez
Gonzalez Law Associates
380 Lexington Ave., 17th Floor
New York, NY 10168

For Defendants New York City Transit Authority and Manhattan
Bronx Surface Transit Operating Authority:

Wallace D. Gossett
Alice Charles
Attorneys for the New York City Transit Authority
130 Livingston St.
Brooklyn, NY 11201

DENISE COTE, District Judge:

   Plaintiff Michael George ("George") brings this action for

compensatory and punitive relief against two defendants[1] -- the

---

[1] George has voluntarily dismissed all claims against the City of
New York, which was initially named as a defendant in this
action.

New York City Transit Authority ("Authority"), and the Manhattan

and Bronx Surface Transit Operating Authority ("MaBSTOA"), a

subsidiary of the Authority, (collectively "Defendants") -- for

injuries sustained during a fall on an Authority bus.  George

brings four federal claims pursuant to 42 U.S.C. § 1983 ("Section

1983"), and one state tort claim of Intentional Infliction of

Emotional Distress.  The Defendants have moved to dismiss.  For

the following reasons, the motion to dismiss is granted.


BACKGROUND

     The following facts are uncontroverted or taken in the light

most favorable to George.  George is an "above the knee amputee"

who relies on crutches in order to be mobile.  On August 10,

2012, George boarded a MaBSTOA BX 16 bus at the intersection of

Nereid Avenue and White Plains Road in the Bronx.  After swiping

his transit pass, George began to look for seating, and struggled

to walk through the aisle in light of the width of the aisle and

George's need to use crutches.  Before George was able to reach a

seat or otherwise secure himself, the bus accelerated rapidly and

then abruptly stopped.  George fell down, hitting his shoulder

and his head.  George was taken by ambulance to a hospital, where

tests revealed damage to his shoulder and his arm.  George

underwent surgery on October 22, 2012.  He contends that as a

result of the injury he is fully incapacitated, and that he is

2

unable to walk on crutches, push himself around in a wheelchair, or write.  George also contends that an incident report created by the Authority following the accident incorrectly stated that the bus was not moving when George fell.

George failed to serve a timely notice of claim on Defendants before commencing this action, as is required by N.Y. Gen. Mun. Law § 50-e, and New York Public Authorities Law § 1212. George moved twice in the New York Supreme Court, County of Bronx, for permission to serve a late notice of claim.  Both motions were denied on the ground that George had failed to provide a reasonable excuse for the delay in filing the notice of claim.  George v. City of New York, et al., No. 260095/13 (Sup. Ct. May 24, 2013); George v. City of New York, et al., No. 260192/12 (Sup. Ct. July 30, 2012).

George instigated this action by filing his complaint on November 8, 2013.  The Defendants moved to dismiss on May 23, 2014.  The motion to dismiss was fully submitted on June 23.

DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint

3

must contain sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face."  Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint must do more,
however, than offer "naked assertions devoid of further factual
enhancement."  Id. (citation omitted).

I.   State Claim

     George brings one state law claim for Intentional Infliction
of Emotional Distress.  George contends that the Defendants'
alleged misconduct and failure to properly investigate the
incident were "extreme and outrageous conduct," and caused George
to suffer severe emotional distress.   The Defendants argue that
the claim should be dismissed because George has failed to comply
with New York's notice of claim law.

     "[I]n a federal court, state notice-of-claim statutes apply
to state-law claims."  Hardy v. N.Y.C. Health & Hosp. Corp., 164
F.3d 789, 793 (2d Cir. 1999); see also Felder v. Casey, 487 U.S.
131, 151 (1988) ("federal courts entertaining state-law claims
against . . . municipalities are obligated to apply the [state]
notice-of-claim provision").  "Under New York law, a notice of
claim is a condition precedent to bringing personal injury
actions against municipal corporations."  Hardy, 164 F.3d at 793.

     The New York notice of claim statute relevant to this motion
is New York General Municipal Law § 50-e ("Section 50-e"), which

4

provides that notice of a claim must be served on a municipal

corporation defendant "within ninety days after the claim arises"

and must

> set forth: (1) the name and post-office address of each
> claimant, and of his attorney, if any; (2) the nature
> of the claim; (3) the time when, the place where and
> the manner in which the claim arose; and (4) the items
> of damage or injuries claimed to have been sustained so
> far as then practicable.

N.Y. Gen. Mun. Law § 50-e; see also Hardy, 164 F.3d at 793.

Public Authorities Law § 1212 is addressed to "actions against"

the "New York City Transit Authority," and provides that "an

action against the authority founded on tort shall not be

commenced . . . unless a notice of claim shall have been served

on the authority . . . in compliance with all the requirements of

section fifty-e of the general municipal law."  N.Y. Pub. Auth.

Law § 1212.  "The purpose of the statutory notice of claim

requirement is to afford the public corporation an adequate

opportunity to investigate the circumstances surrounding the

accident and to explore the merits of the claim while information

is still readily available."  Vallejo-Bayas v. New York City

Transit Auth., 962 N.Y.S.2d 203, 204 (2d Dept. 2013).  "[U]nder

New York law, if § 50-e has not been satisfied . . . no damages

are available."  Hardy, 164 F.3d at 794.  "Failure to comply with

[notice of claim] requirements ordinarily requires a dismissal

for failure to state a cause of action."  Id.  "New York's 90-day

5

notice-of-claim requirement applies to state tort claims brought as pendent claims in a federal action."  Id. at 793 (citation omitted).

It is undisputed that Section 50-e applies to George's state claim, and that George never served a timely notice of claim on the Defendants.  George argues that his state claim should still survive because it is "collateral to the Federal claim."  This argument fails because, as noted above, New York's notice of claim requirement applies in federal court to state claims brought as pendant claims.  Id.  Because George failed to comply with Section 50-e's notice of claim requirement, his state claim is dismissed.

## II. Section 1983 Claims

To sustain a claim under Section 1983, a plaintiff must show that he was "deprived of rights, privileges, or immunities secured by the Constitution and laws [of the United States]" by a person acting under color of state law.  Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (citation omitted); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source.").  Therefore, "the first step in any § 1983 claim is to identify the specific constitutional right allegedly infringed."  Pabon v.

Wright*,* 459 F.3d 241, 252–53 (2d Cir. 2006) (citation omitted).

In addition, while Section 1983 "imposes liability on a

government that, under color of some official policy, causes an

employee to violate another's constitutional rights," Okin v.

Village of Cornwall-on-Hudson Police Dep't.*,* 577 F.3d 415, 439

(2d Cir. 2009) (quoting Monell v. Dep't of Soc. Servs., 436 U.S.

658, 692 (1978)), a municipal entity is not subject to respondeat

superior liability under § 1983.  Monell*,* 436 U.S. at 691.

Instead, "[t]o prevail against a municipality on a § 1983 claim,

a plaintiff must demonstrate both an injury to a constitutionally

protected right and that the injury was caused by a policy or

custom of the municipality or by a municipal official responsible

for establishing final policy."  Hartline v. Gallo*,* 546 F.3d 95,

103 (2d Cir. 2008) (emphasis supplied) (citation omitted).

George brings four Section 1983 claims.  The first claim

alleges as the predicate violation of a federal or constitutional

right a violation of the Americans with Disabilities Act ("ADA").

See 42 U.S.C. § 12132 ("no qualified individual with a disability

shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to

discrimination by any such entity.") ("Title II").  The other

three Section 1983 claims do not clearly identify predicate

federal law or constitutional right deprivations,[2] but those

claims are construed as alleging that George's Fourteenth

Amendment due process and equal protection rights were violated

by the Defendants.

George's Section 1983 claim predicated on an alleged ADA

violation fails because an ADA violation is not actionable under

Section 1983.  Not every violation of a federal statute is

cognizable under Section 1983.  Wilder v. Virginia Hosp. Ass'n,

496 U.S. 498, 508 (1990).  A Section 1983 claim is not available

in connection with a violation of a federal statute when

"Congress has foreclosed such enforcement of the statute in the

enactment itself."  Id. (citation omitted).  The Supreme Court

has "found private enforcement foreclosed" when the "statute

itself creates a remedial scheme that is sufficiently

comprehensive to demonstrate congressional intent to preclude the

remedy of suits under § 1983."  Id. at 521 (citation omitted).

"Part B of Title II [of the ADA] specifically governs the

provision of public transportation services."  Abrahams v. MTA

---

[2] At times, George appears to predicate his Section 1983 claims
on state tort law theories.  The complaint styles three of the
four Section 1983 counts as follows: "Count 2: Violations of 42
U.S.C. 1983: Negligence"; Count 3: Violations of 42 U.S.C. 1983:
Emotional Distress"; and "Count 5: Violations of 42 U.S.C. 1983:
Failure to Provide Reasonable Care."  At other times, the
complaint alleges, in general terms, violations of "equal
protection" and "due process" under the Fourteenth Amendment to
the United States Constitution.

Long Island Bus, 644 F.3d 110, 115 (2d Cir. 2011).  And Title II

of the ADA contains a comprehensive remedial scheme.  See Garcia

v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 111

(2d Cir. 2001).  Courts have uniformly held that the ADA's

comprehensive remedial scheme precludes Section 1983 claims

predicated on ADA violations.  See, e.g., Vinson v. Thomas, 288

F.3d 1145, 1156 (9th Cir. 2002); Bartlett v. N.Y. State Bd. of

Law Examiners, 970 F. Supp. 1094, 1144-45 (S.D.N.Y. 1997)

(Sotomayor, J.), aff'd in part and vacated in part on other

grounds, 156 F.3d 321 (2d Cir. 1998).  Because the ADA's remedial

scheme forecloses George's § 1983 claim, that claim is

dismissed.[3]

George's three Section 1983 claims predicated on

constitutional rights violations are dismissed because George has

not pled "a policy or custom" of the Defendants that caused a

deprivation of his constitutional right.  Hartline, 546 F.3d at

103; see also Monell, 436 U.S. at 692.  George's complaint pleads

---

[3] Moreover, neither George's complaint, nor his Opposition to the
Defendants' motion to dismiss, explains the theory underlying his
allegation of an ADA violation, nor how any of the facts he has
pled, which are addressed to a bus driver's alleged negligence,
make out the elements of an ADA violation.  George's ADA claim
consists solely of a one-sentence allegation that the ADA was
violated by the Defendants.  George's Opposition does not
elaborate on that one sentence. George's complaint therefore
does not give the Defendants "fair notice of what the . . . claim
is and the grounds upon which it rests," Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 555 (2007), which is an additional,
independent, reason to dismiss the claim.

no facts addressed to any policy or custom on the part of the Defendants that contributed to this bus driver's alleged negligence.  See Iqbal, 556 U.S. at 679 ("legal conclusions . . . must be supported by factual allegations").  In substance, George's action is a prototypical respondeat superior tort action seeking to recover for alleged negligence on the part of the bus driver.  It appears that George has styled these four claims as Section 1983 claims in an attempt to avoid being barred by his failure to serve a timely notice of claim on the Defendants. Because George fails to properly state a Section 1983 claim, his four federal claims are dismissed.

In his Opposition, George contends that the complaint should not be dismissed for failure to plead a policy or custom of the Defendants because "the Authority has an internal policy on operating a bus, and on proper procedures for safety operating said bus," and that "we claim that said rules and regulations on their face are violative of constitutional rights as to our client."  This conclusory statement is devoid of factual support and is insufficient to sustain the complaint against the Defendants' motion to dismiss.

CONCLUSION

The Defendants' May 23, 2014 motion to dismiss is granted. The Clerk of Court shall enter judgment for the Defendants and close the case.


        SO ORDERED:

Dated:    New York, New York
          July 11, 2014


                                    DENISE COTE
                        United States District Judge